*In re Grand Jury Subpoena Dated Apr. 26, 2023*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand twenty-five.

PRESENT:
>  AMALYA L. KEARSE,
>  PIERRE N. LEVAL,
>  RICHARD J. SULLIVAN,
>  *Circuit Judges*.

_____

IN RE GRAND JURY SUBPOENA DATED
APRIL 26, 2023

_____

UNITED STATES OF AMERICA,

>  *Movant-Appellee*,

>  v.                                                    No. 24-573

SEALED APPELLANT,

*Respondent-Appellant.*\*

| | |
|---|---|
| **For Respondent-Appellant:** | PATRICK O'KEKE, O'keke & Associates, P.C., Brooklyn, NY. |
| **For Movant-Appellee:** | HENRY L. ROSS (Mitzi S. Steiner, Jacob R. Fiddelman, *on the brief*), Assistant United States Attorneys, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Katherine P. Failla, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Sealed Appellant appeals from the district court's order compelling him to produce documents in response to a grand-jury subpoena. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

As a threshold matter, we must consider whether we have jurisdiction to hear this appeal. *See Uniformed Fire Officers Ass'n v. de Blasio*, 973 F.3d 41, 46 (2d Cir. 2020). Under 28 U.S.C. § 1291, we have jurisdiction to hear "appeals from all

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

final decisions of the district courts of the United States." But "a district court's decision to compel compliance with a [grand-jury] subpoena or to deny a motion to quash a subpoena is generally not a 'final decision' and therefore is not immediately appealable." *In re Air Crash at Belle Harbor, N.Y. on Nov. 12, 2001*, 490 F.3d 99, 104 (2d Cir. 2007) (internal quotation marks omitted); *see Cobbledick v. United States*, 309 U.S. 323, 328 (1940) (holding that the denial of a motion to quash a grand-jury subpoena is not an appealable final order); *United States v. Ryan*, 402 U.S. 530, 532 (1971) (restating and reaffirming the holding in *Cobbledick*). Rather, "[t]o obtain appellate review, the subpoenaed person ordinarily must defy the district court's enforcement order, be held in contempt, and then appeal the contempt order, which is regarded as final under [section] 1291." *In re Air Crash*, 490 F.3d at 104 (internal quotation marks omitted). Here, Sealed Appellant has not yet defied the subpoena, nor has he been held in contempt. As a result, there is no final decision of the district court, and we lack jurisdiction to hear this appeal.

Sealed Appellant argues alternatively that the court has jurisdiction under 28 U.S.C. § 1292(a)(1), which provides appellate jurisdiction over interlocutory orders "granting, continuing, modifying, refusing[,] or dissolving injunctions, or refusing to dissolve or modify injunctions." But we have previously rejected this

3

precise argument.  *See In re Grand Jury Investigation of Violations of 18 U.S.C. 1621 (Perjury)*, 318 F.2d 533, 536 (2d Cir. 1963) (dismissing appeal of order denying motions to quash grand-jury subpoenas and compelling compliance).

The government urges us to assume jurisdiction and decide this appeal on the merits now.   It is true that "we have found it particularly prudent to assume hypothetical jurisdiction" where "the jurisdictional constraints are imposed by statute, not the Constitution[;] . . . the jurisdictional issues are complex[;] and the substance of the claim is . . . plainly without merit."   *Butcher v. Wendt*, 975 F.3d 236, 242–43 (2d Cir. 2020) (internal quotation marks omitted).   But based on the facts of this case, we decline to exercise our prudential judgment to assume jurisdiction.

*            *            *

We have considered Sealed Appellant's remaining arguments with respect to appellate jurisdiction and find them to be without merit.   Accordingly, we **DISMISS** the appeal for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court