**FEDERAL TRADE COMMISSION,**
Petitioner,

v.

**Robert O. ANDERSON et al.,**
**Respondents.**

**Misc. No. 77–161.**

United States District Court,
District of Columbia.

Dec. 13, 1977.

Gerald P. Norton, Washington, D. C., for the F. T. C.

Richard H. Porter, Steptoe & Johnson, Washington, D. C., for all defendants except Texaco.

Robert F. McGinnis, New York City, and Frank H. Strickler, Washington, D. C., for Texaco.

## MEMORANDUM OPINION AND ORDER

FLANNERY, District Judge.

This matter comes before the court on the Federal Trade Commission's petition for an order requiring respondents to appear, to testify, and to produce documents in a proceeding being conducted by the Federal Trade Commission (FTC). The petition to enforce the subpoenas *duces tecum* arose out of an administrative adjudicatory proceeding entitled *Exxon Corp., et al.* Docket No. 8934. The administrative complaint issued on July 18, 1973 alleges violations of § 5 of the FTC Act, 15 U.S.C. § 45 (1970 & Supp. V 1975). In sum, the complaint charges respondents with having maintained and reinforced a noncompetitive market structure and having exercised monopoly power in the refining of crude oil into petroleum products in the Eastern and Gulf Coast States, along with parts of the Mid-Continent area of the United States.

The administrative law judge (ALJ) granted in part, but denied a major portion of, complaint counsel's motion for the issuance of the subpoenas on November 11, 1976. In response to respondents' motions, the ALJ issued a protective order on January 5, 1977 and certified certain issues for appeal to the Commission pursuant to 16 C.F.R. § 3.42(c)(9). After appeals to the Commission where part of the protective order was adopted with certain provisos[1] and the rest of the appeals were rejected, the respondents indicated that they would not produce allegedly confidential documents. Texaco, Inc. indicated that it would not even produce nonconfidential documents. The ALJ certified the subpoenas to the Commission for judicial enforcement and the Commission directed the institution

1. The Commission reviewed and modified paragraph 9 of the protective order. Paragraph 9, as modified, provides that if the FTC receives an official request from a committee or subcommittee of Congress the FTC is to inform the committee that the company supplying the information considers the material confidential and is to give the supplying company ten days notice prior to disclosure, where possible, and "in any event as much advance notice as rea- sonably can be given." If a request is made by a private citizen or an individual member of Congress, the FTC must treat the application as made under the Freedom of Information Act, 5 U.S.C. § 552 (1970 & Supp. V 1975), and give the supplying company ten days notice prior to the disclosure of confidential information. ALJ's Protective Order of January 5, 1977, *as modified by*, Commission's Order of January 31, 1977.

of this action, which was filed on July 26, 1977.

The joint respondents [2] in this action, other than Texaco, attempted to secure a declaratory judgment with respect to the alleged inadequacy of the protective order issued at the administrative level in the United States District Court for the District of Delaware. The Delaware court dismissed the action without prejudice and declined to invoke its discretionary jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201 (1970). The court was of the opinion that the present proceedings before this court provided the proper forum for review of the protective order questions. *Exxon Corp. v. FTC*, 436 F.Supp. 1019, 1024 (D.Del.1977).

In this proceeding the joint respondents, excluding Texaco, Inc., again challenge the adequacy of the protective order and request that this court impose its own protective order. Texaco resists enforcement in toto by challenging the Commission's authority and the nature of the administrative proceeding. All of the respondents have made motions to dismiss the individual corporate presidents who also were named as respondents in this action.

## I. *Enforcement of a FTC Subpoena*

■ The FTC has the authority to issue subpoenas and this court has the jurisdiction to enforce them under § 9 of the FTC Act, 15 U.S.C. § 49 (1970 & Supp. V 1974) This court's role in the enforcement of an administrative subpoena is strictly limited. Although the scope of the issues that can be litigated in an enforcement proceeding is narrow, the court's function is "neither minor nor ministerial" *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 217 n.57, 66 S.Ct. 494, 90 L.Ed. 614 (1946). The court, however, need only ascertain whether "the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant." *United States v.*

*Morton Salt Co.*, 338 U.S. 632, 652, 70 S.Ct. 357, 369, 94 L.Ed. 401 (1970); see *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509, 63 S.Ct. 339, 87 L.Ed. 424 (1975); *FTC v. Texaco*, 180 U.S.App.D.C. 390, 399–400, 401–402 n.23, 407, 555 F.2d 862, 871–72, 873–74 n.23, 879 (1977) (en banc). In addition, a respondent may challenge an agency's exercise of its subpoena power on the ground that it is unduly burdensome. *Oklahoma Press Publishing Co., supra*, 327 U.S. at 208, 66 S.Ct. 494.

■ The FTC asserts that the subpoenas are within the Commission's authority, seek relevant information, and are not unduly burdensome. The assertions have not been challenged by the respondents, except Texaco. Although Texaco's contentions will be dealt with separately later, it should be noted here that the FTC has shown to this court's satisfaction that subpoenas are within its authority, seek relevant information and not unduly burdensome. *See* FTC's Memorandum in Support of Petition for Enforcement at 14–16; ALJ's Order of November 11, 1976 at 54–60.

## II. *The Protective Order*

The joint respondents assert that the protective order entered by the ALJ, as modified by the Commission, does not provide adequate protection against disclosure of the documents submitted by them to the FTC in response to the subpoenas. The joint respondents have submitted a proposed protective order providing the relief that they believe necessary for their protection. Even if the court should deny joint respondents any of the relief they seek, they still would have the court enter a protective order that merely would echo the terms of the ALJ's order. The joint respondents contend that such an order, embodying the terms of the ALJ's order, is necessary to provide them adequate protection because the Commission technically is not bound by the ALJ's entire order. The joint respondents also have alleged that the FTC

---

**2.** The term "joint respondents" shall be used to refer to all of the respondents in this action except Texaco, Inc.

historically has made illegal and improper disclosures.

The Commission has stated that it is clearly bound by paragraph 9 of the protective order dealing with notice requirements for disclosure of confidential documents because that paragraph was adopted by the Commission with modifications. Hearing Transcript at 7 (November 9, 1977); *see* Commission's Order of January 31, 1977. As to the rest of the order, the Commission's position, as expressed to the court at the hearing on this matter, is that it is bound by the protective order as a practical matter. Hearing Transcript at 7–11 (November 9, 1977). The Commission's concern is the possibility of a situation arising where it would have to violate the protective order in order to comply with a statutory duty, for example, under the Freedom of Information Act. The Commission contends that if those circumstances were to arise, it would have to comply with the statute and violate the order. The likelihood of such a conflict arising appears unlikely. In any event, the Commission indicated that in similar situations which have arisen in the past, it has given the respondents and the ALJ notice of their plans to violate the protective order in order that these parties could react to the FTC's proposed course of action. Hearing Transcript at 8–11 (November 9, 1977).

The court has no reason to question the veracity of the Commission's assertions which are presumably made in good faith. Furthermore, the court does not believe that the ALJ's protective order must be turned into a court order to provide adequate protection. In affirming an ALJ's protective order, courts have not found it necessary to issue their own duplicate protective order. *FTC v. Lonning,* 176 U.S. App.D.C. 200, 539 F.2d 202, 210–11 (1976); *FTC v. Dresser Industries, Inc.,* CCH 1977–1 Trade Cases 61400, at 71493 (D.D.C. April 26, 1977); *cf. FTC v. United States Pipe and Foundry Co.,* 304 F.Supp. 1254, 1260 (D.D.C.1969).

Turning to the provisions of the protective order, there are three significant differences between the ALJ's order, as modified, and the relief sought by the joint respondents. First, the FTC's order does not apply to nonconfidential documents. The joint respondents seek to restrict disclosure of such documents and to limit the use of these documents to use in the preparation and trial of the *Exxon* proceeding. Second, the Commission's protective order provides that if a confidential document is to be released in response to an FOIA request, the Commission will give the party who supplied the document 10 days notice prior to its release. The joint respondents make no provision for any such release, even for nonexempt, nonconfidential documents, but they do raise issues concerning the application of the Freedom of Information Act. Finally, the Commission's protective order provides that in response to judicial compulsory process or a subpoena or official request from a congressional committee or subcommittee, confidential documents will not be released without informing the court or committee that the supplying company regards them as confidential. Furthermore, the Commission will provide 10 days advance notice of disclosure to the supplier where possible, or, in any event, such advance notice as is feasible under the circumstances. Respondents would permit release of both confidential and nonconfidential documents only in response to a subpoena or "formally authorized" request of a committee or subcommittee, and only upon the FTC's providing notice of receipt of the subpoena or request and a full 10 days advance notice of release, without allowing for diminished notice under any circumstances.[3]

■ The first issue to be dealt with is a joint respondents' attempt to have the use of the documents restricted to the *Exxon* proceeding. The court's consideration of

---

**3.** As the FTC points out in its reply brief, the joint respondents apparently no longer seek to involve this court in deciding whether particular documents should be designated "confiden-

tial" or to prohibit complaint counsel from discussing nonconfidential documents with potential witnesses. FTC's Reply Memorandum, at 11 n.20.

this issue will be limited to nonconfidential documents because confidential documents are subject to the notice terms of the Commission's protective order and the parties can challenge their disclosure for other use when the release of particular documents is imminent.[4] As to nonconfidential documents, the joint respondents allege that their opponents in other litigation could avoid the discovery procedures of the Federal Rules of Civil Procedure by obtaining documents from the Commission. Respondents contend that such disclosure would violate their due process rights and the fifth amendment.[5] The FTC asserts, and this court agrees, that respondents' claims are premature and if protection is indeed warranted, it can be obtained from the courts where the cases are pending rather than involving this court in discovery matters concerning other cases before other courts. *See In re FTC Corporate Patterns Report Litigation,* 432 F.Supp. 291, 312–13 (D.D.C.1977), *appeal pending,* No. 77–1732 (D.C.Cir.); *Atlantic Richfield Co. v. FTC,* 398 F.Supp. 1, 10 (S.D.Tex.1975), *aff'd,* 546 F.2d 646 (5th Cir. 1977). Furthermore, the Federal Rules do not limit the obtainment of relevant evidence to the procedures provided for in the Rules, which attempt to make information readily available to avoid trial by surprise. *See Williams v. Johnson & Johnson,* 50 F.R.D. 31, 32 (S.D.N.Y.1970) (sharing information obtained in discovery within aims of Federal Rules).

To support their attempt to restrict use of the documents, the joint respondents cite *FTC v. Atlantic Richfield Co.,* 185 U.S.App. D.C. ——, 567 F.2d 96 (1977) where the District of Columbia Circuit remanded to the FTC for determination the question of whether materials obtained in an investigatory proceeding could be used by the Commission in an adjudicatory proceeding. That case, however, involved unique circumstances where an administrative agency was involved in two types of proceedings simultaneously and the possibility of informal, as well as formal, transfer of discovery documents existed. In the present case, the courts handling the other cases can provide ample protection, if necessary. Furthermore, the situation presently before the court does not raise the problems of the proper role of the FTC and the use of information obtained by it in the two different types of proceedings that the Commission may use in fulfilling its statutory duties.

■ The second issue raised by the protective order concerns the release of documents pursuant to FOIA requests. Again as to confidential documents, there is a 10 days advance notice prior to release requirement. Claims as to the release of confidential documents are premature because respondents will have the opportunity to raise appropriate challenges when notice is given prior to the release of particular documents. *See In re Corporate Patterns Report Litigation,* 432 F.Supp. 291, 312 (D.D.C.1977), *appeal pending,* No. 77–1732 (D.C.Cir.); *cf. California Bankers Association v. Schultz,* 416 U.S. 21, 51–52, 75–76, 94 S.Ct. 1494, 39 L.Ed.2d 812 (1974). Respondents' claims concerning FOIA requests by parties in other actions involving respondents are also not appropriately before this court because those issues should be resolved by the courts before which the cases are pending.

---

4. Respondents also claim that the possibility that the Commission will disregard statutory provisions protecting confidential data submitted to the Commission would allow this court to issue a protective order. These statutory provisions prohibit the release of confidential data and provide protection in addition to the provisions in the protective order. *See* FTC Act § 6(f), 15 U.S.C. § 46(f) (1970) (protection of trade secrets and names of customers); 18 U.S.C. § 1905 (1970) (unauthorized disclosure of certain confidential information a criminal violation). The respondents' assertions that the protective order allows the release of information prohibited by statute are frivolous. The Commission remains bound by these provisions regardless of the terms of the protective order.

5. The joint respondents' claim that disclosure of their trade secrets and confidential data would amount to a destruction of property in violation of the fifth amendment is premature. This claim only relates to confidential material subject to the notice provisions of the protective order and this claim can be raised when such disclosure is imminent.

■ Respondents' claims concerning the release of nonconfidential documents pursuant to FOIA requests by persons not involved in litigation with the respondents present issues similar to those concerning the release of nonconfidential documents by the FTC sua sponte. There presumably would be no notice to respondents at the time of disclosure so as to allow them an opportunity to seek relief. There also would be no pending proceeding where respondents could obtain protection, therefore, these issues must be dealt with by this court. The joint respondents have cited no authority that has persuaded this court to find that the Commission has abused its discretion in failing to protect respondents' nonconfidential documents from disclosure. As the court has already noted, the protective order, provides ample protection for respondents' confidential documents and the joint respondents have not convinced the court that their nonconfidential documents require similar protection. The question is not whether the court would have imposed limitations in the first instance, but whether the agency's action violates a specific constitutional or statutory limitation or is an abuse of discretion, *see, e. g., FCC v. Schreiber*, 381 U.S. 279, 290–91, 85 S.Ct. 1859, 14 L.Ed.2d 383 (1965); *FTC v. Texaco, Inc.*, 180 U.S.App.D.C. 390, 412 n.62, 555 F.2d 862, 884 n.62 (1977); *FTC v. United States Pipe & Foundry Co.*, 304 F.Supp. 1254, 1260 (D.D.C.1969). The court finds no such violation or abuse of discretion in this case.

Finally, the last issue concerning the protective order is the respondents' alleged need for protection from disclosure of their confidential documents pursuant to court process and congressional process and requests.[6] The joint respondents claim that notice of the Commission's receipt of a disclosure request and an absolute commitment of 10 days notice prior to release of confidential documents are necessary in or-

der to provide them with ample opportunity to seek protection if necessary. The Commission notes that, although it is not required to, as a matter of policy it generally provides notice to a party when a congressional request or subpoena is received for confidential information provided to the agency by the party. The Commission seeks to avoid, however, an absolute requirement of notice of receipt of a request and for notice prior to release.

The protective order provides that the FTC will give 10 days notice, where possible, prior to release of respondents' confidential documents pursuant to court process or congressional process or requests. It cannot be assumed that the qualified nature of the notice provision will make 10 days notice the exception rather than the rule or that less than 10 days notice will preclude respondents from securing appropriate judicial relief. The FTC has represented to this court that "it has in fact been able to give a full 10 days notice before nearly all congressional disclosures covered by such commitment." *See* FTC Reply Memorandum at 28. The FTC contends that it would have no authority to resist a congressional demand for release with less than 10 days notice. Furthermore, the FTC asserts that this court's entry of an unqualified notice requirement would be tantamount to a limited injunction against Congress' power of investigation and would raise serious constitutional questions, citing *United States v. American Telephone & Telegraph Co.*, 551 F.2d 384, 391–93 (D.C. Cir. 1976).

■ The court finds it unnecessary to reach the issues of the extent of the FTC's authority to resist congressional demands and the constitutional questions concerning an unqualified notice requirement. The court is of the opinion that the FTC has not abused its discretion in providing respon-

---

**6.** Apparently the respondents and the FTC still differ as to whether the FTC must respond to "official requests" from Congress or only "formally authorized requests." Regardless of the definition adopted, such requests will be sub- ject to the notice provisions of the protective order and any issues concerning the nature of the request can be dealt with when disclosure is imminent and the status of the particular request is apparent.

dents with qualified protection.[7] The joint respondents' documents will be sufficiently protected by the statutory provisions that apply, *see, e. g.*, FTC Act § 6(f), 15 U.S.C. § 46(f) (1970); 18 U.S.C. § 1905 (1970); and the protective order entered by the ALJ as modified by the Commission. This court cannot assume that the FTC will act in bad faith and not give 10 days advance notice before disclosure, or as much notice as possible, in order to ensure that respondents will have the opportunity to seek whatever relief is necessary.[8]

■ Therefore, this court will order enforcement of the subpoenas against the joint respondents subject only to the provisions of the protective order entered by the ALJ, as modified by the Commission. The court will not enhance the provisions of the protective order nor will it enter a protective order that merely echoes the terms of the existing order.

## III. *Texaco's Claims*

The first major assertion put forth by Texaco is that the court's role is not simply to rubber stamp whatever an agency requests. The merit of this contention can be quickly conceded. What Texaco fails to note, however, is the court's strictly limited role in a subpoena enforcement case. *See* p. 1121, *supra.*

■ Texaco first questions the relevancy of the documents requested to the issues raised in the pleadings. The District of Columbia Circuit in *FTC v. Texaco, Inc.* stated that the Supreme Court has held "that an administrative subpoena must be enforced if the information is relevant to a lawful purpose of the agency, and not, un-

duly indefinite or unreasonably burdensome." 555 F.2d 862, 879 (D.C. Cir. 1977); *See United States v. Morton Salt Co.*, 338 U.S. 632, 652, 70 S.Ct. 357, 94 L.Ed. 401 (1950); *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 209, 66 S.Ct. 494, 90 L.Ed. 614 (1946); *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509, 63 S.Ct. 339, 87 L.Ed. 424 (1943). Here the complaint is comprehensive and the FTC has established the relevancy of the requests, while Texaco has not shown that the documents are not relevant to the allegations in the complaint. *See* FTC's Petition for an Order at 14–16. Furthermore, Texaco has not claimed nor is it evident that the complaint and the related inquiries are not within the Commission's authority. Texaco also has not shown that the compliance burden is unreasonable. *See FTC v. Texaco, Inc.*, 555 F.2d at 882.

■ Texaco claims that the ALJ did not adhere to the Commission's rules in authorizing the investigatory subpoena. Texaco asserts that all the documents requested must "constitute or contain" evidence pursuant to Rule 3.34(b), 16 C.F.R. § 3.34(b) (1977). A reading of the rule indicates that it contains a general relevancy requirement for all material sought and a restriction that material sought through adjudicative discovery "constitute or contain evidence relevant to the subject matter involved." 16 C.F.R. § 3.34(b)(2). The ALJ held that the phrase "[constitute or contain] 'evidence relevant to the subject matter involved' encompasses documents which may be evidentiary or which reasonably may lead to the uncovering or understanding of evidentiary documents . . a reading that would limit discovery production to documents for introduction into

---

7. Although the United States Court of Appeals for the District of Columbia Circuit ordered an absolute 10 days prior notice commitment in *FTC v. Texaco, Inc.* the court explicitly stated that it was not "adopting a rule of general applicability." 555 F.2d 862, 884 n.64 (D.C. Cir. 1977). In that case the court did not have before it a protective order entered by an ALJ and adopted with modification by the Commission, on review only as to statutory authority, and whether the order constituted an abuse of discretion. The court in *FTC v. Texaco, Inc.*

was faced with confidentiality protections imposed by the district court in a subpoena enforcement action and a proposed protective order submitted by the FTC. 555 F.2d at 871, 884 & n.64.

8. The Commission noted during oral argument on this matter that not only do respondents have temporary judicial relief available to them at the time of disclosure, but they also seek protection from the congressional subcommittee or committee that requests the data.

evidence would preclude effective and adequate discovery." ALJ's Order of November 11, 1976 (FTC Attachment # 4) at 54–55 n.51. The ALJ's interpretation of the agency rule is not clearly erroneous and, in fact, this court had already rejected the assertion that the restriction narrowly limits discovery to information that will actually be introduced as evidence. *FTC v. Dresser Industries, Inc.*, CCH 1977–1 Trade Cases ¶ 61400, at 71491–92 (D.D.C.1977). In the absence of clear error, the Commission's reading of its own regulation is entitled to great deference from this court. *See Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1964). Furthermore, Texaco's interpretation is clearly inconsistent with the statement in the same rule that "[s]ubpoenas duces tecum may be used by any party for purposes of discovery or for obtaining documents, papers, books, or other physical exhibits for use in evidence, or for both purposes." 16 C.F.R. § 3.34(b). Thus, Texaco's claim that the subpoena does not conform to the FTC's rules is without merit because the material sought by the subpoena clearly meets the relevancy requirements of § 3.34(b). *See* FTC's Petition for an Order at 14–16.

Texaco also asserts that the Commission conducted an insufficient precomplaint investigation, with the result that: (1) the complaint was framed in unduly broad terms; (2) the Commission's normal precomplaint activities are being carried out in the guise of postcomplaint discovery; and (3) the specification of the alleged violations has been or will be improperly delegated by the Commission to complaint counsel. As to Texaco's assertion that the complaint is unduly broad, the Commission is correct in noting that this is not the proper forum for review of that claim. In *FTC v. Texaco, Inc.*, the District of Columbia Circuit stated

that "As a general rule, substantive issues which may be raised in defense against an administrative complaint are premature in an enforcement proceeding." 555 F.2d 862, 879 (D.C. Cir. 1977). To the extent that it is proper for this court to review the sufficiency of the complaint, it is apparent that the complaint is specific enough to advise Texaco of the charges against it in compliance with FTC Rule 3.11(b)(2), 16 C.F.R. § 3.11(b)(2) (1977).

With respect to Texaco's claim that the Commission is improperly carrying out precomplaint investigation activities through postcomplaint discovery, the District of Columbia Circuit dealt with a similar claim in *FTC v. Browning*, 140 U.S.App. D.C. 292, 298–300, 435 F.2d 96, 102–04 (1970). In *Browning* the court stated that the validity of a postcomplaint subpoena should be tested by its relevance to the charges of the complaint and not the sufficiency of the precomplaint investigation. *Id.* 140 U.S.App.D.C. at 299, 435 F.2d at 103. Furthermore, as noted earlier, the complaint in this action is not overly broad so as to make the present subpoena actually investigatory. *See FTC v. Browning*, 140 U.S.App.D.C. 298–300, 435 F.2d 96, 102–04 (1970).

Finally, Texaco charges that the specification of the alleged violations has been or will be improperly delegated by the Commission to complaint counsel. The court is *not* faced with any issues concerning the amendment of the administrative complaint and such claims are not cognizable in the context of a subpoena enforcement petition. These claims are premature and have no bearing on the validity of the present subpoenas.[9] Thus, this court is of the opinion that Texaco's assertions in op-

---

**9.** Texaco also has directed the court's attention to the Commission's recent order granting in part and denying in part complaint counsel's motion for leave to modify discovery requests, pending application for interlocutory review and to obtain an expedited decision on the modified application. *In re Exxon Corp.*, Docket No. 8934 (November 10, 1977). This order dealt with future discovery in the administra-

tive proceeding and is not relevant to this court's consideration of enforcement of the present subpoenas, except that it renders moot Texaco's motion to suspend or deny enforcement of the subpoenas pending action by the Commission on complaint counsel's appeal concerning the remaining parts of the subpoena application.

position to the petition to enforce are without merit and the subpoena will be enforced against it.

## IV. *Motions to Dismiss the Individual Respondents*

■ The last issue to be dealt with is the motions of the individual respondents to dismiss the corporate presidents named in this action, because they allegedly are superfluous and unnecessary parties. Respondents cite *FTC v. Texaco, Inc.*, where Judge Hart dismissed the Commission's enforcement action against individual respondents because he believed it was unnecessary to name the individuals to ensure compliance with the court's enforcement order Nos. 1089–73 through 1095–73 (D.D.C. August 14, 1973), *aff'd in part and rev'd in part on other grounds*, 170 U.S.App.D.C. 323, 517 F.2d 137 (1975), *rev'd en banc on other grounds*, 180 U.S.App.D.C. 390, 555 F.2d 862 (1977), *cert. denied*, 431 U.S. 974, 97 S.Ct. 2940, 53 L.Ed.2d 1072 (1977); *see FTC v. Menzies*, 145 F.Supp. 164, 171 (D.Md.1956), *aff'd*, 242 F.2d 81 (4th Cir.), *cert. denied*, 353 U.S. 957, 77 S.Ct. 863, 1 L.Ed.2d 908 (1957) (dicta) (subpoenas should be directed to custodian of documents not corporate president). The FTC responds by citing cases where courts have found that subpoenas properly were addressed to company presidents. *See, e. g., FTC v. Sherry*, CCH 1969 Trade Cases ¶ 72906, at 87454 (D.D.C. 1969); *FTC v. Green*, 252 F.Supp. 153, 156 (S.D.N.Y.1966). Thus, there is no clear requirement and the outcome must necessarily depend on the circumstances of the particular case.

In the present case it does appear that this court could enforce the subpoenas without the corporate presidents named as individual respondents.[10] It is also apparent, however, that the FTC did not abuse its discretion in naming the individuals as respondents to ensure prompt and complete compliance with the subpoenas. Respondents cite no authority that mandates dis-

missal of the presidents. Therefore, the court will defer to the FTC's exercise of its discretion in naming the individuals as respondents.

### ORDER

Petitioner, the Federal Trade Commission, invoked the aid of this court, pursuant to 15 U.S.C. § 49 (1970 & Supp. V 1975), in requiring the respondents to comply with administrative subpoenas *duces tecum* issued in *Exxon Corp.*, Docket No. 8934, an adjudicatory proceeding being conducted by the Commission. The court having considered the verified petition, the opposition thereto, the other papers of record, and oral argument thereon; and the court concluded, in accordance with the memorandum accompanying this order, that the subpoenas are in accordance with the Commission's rules and are valid and enforceable in all respects, in that the information sought is reasonably relevant to a proceeding within the Commission's authority and that the subpoenas are not too indefinite or unduly burdensome; and the court being of the opinion that the protective order entered by the administrative law judge as affirmed by the Commission is a reasonable exercise of the Commission's discretion and reflects no abuse of discretion, and, in view of the absence of any substantial evidence that the past practices of the Commission or Congress with respect to confidential business information have been arbitrary or deficient, that it would be inappropriate for the court to enter a protective order; and the court having further concluded that most of respondents' specific objections concerning potential disclosure of their documents are premature, it is hereby

ORDERED that all respondents appear before a duly designated representative of the Commission at a time and place in Washington, D. C. to be designated by counsel supporting the Commission's complaint upon not less than ten (10) days

---

**10.** The Commission correctly notes, however, that informal agreements between complaint counsel and respondents concerning the method and manner of production of subpoenaed documents do not alter the terms of the subpoenas and the responsibility of the corporate officers named in the subpoenas. *See FTC v. MacArthur*, 532 F.2d 1135, 1141 (7th Cir. 1976).

notice, and then and there testify and produce documents as required by the subpoenas *duces tecum* issued by the Commission on November 24, 1976, as modified by the orders of November 24, 1976 and January 13, 1977, of the administrative law judge, copies of which subpoenas are Attachments 1A–1F to the petition; and it is further

ORDERED that respondents' request for a protective order is denied; and it is further

ORDERED that all respondents' counterclaims are dismissed as without merit insofar as they relate to defenses to the petition or to the need for a protective order and otherwise as premature; and it is further

ORDERED that the individual respondents' motion to be dismissed from the proceeding are denied; and it is further

ORDERED that the motion of Texaco, Inc. to suspend or deny enforcement of the subpoenas pending action by the Commission on complaint counsel's appeal concerning a subpoena application is denied as moot.