**EXXON CORPORATION and Gulf Oil Corporation, Appellants**

**Mobil Oil Corporation, et al.**

v.

**FEDERAL TRADE COMMISSION, et al.**

**No. 80–1395.**

United States Court of Appeals,
District of Columbia Circuit.

Argued May 7, 1981.
Decided Sept. 14, 1981.

William Simon, Washington, D. C., with whom John S. Kingdon, Robert G. Abrams, Stuart H. Harris, Gaspare J. Bono, Washington, D. C. and John E. Bailey, Houston, Tex., were on the brief for appellants.

Joanne L. Levine, Atty., F. T. C., Washington, D. C., with whom Howard E. Shapiro, Deputy Gen. Counsel and W. Dennis Cross, Asst. Gen. Counsel, Washington, D. C., were on the brief for respondent. Michael N. Sohn, Gerald P. Norton and James H. Sneed, Attys., F. T. C., Washington, D. C.; also entered appearances for respondent.

Before ROBB and WALD, Circuit Judges and JAMESON *, United States Senior District Judge for the District of Montana.

Opinion PER CURIAM.

PER CURIAM:

In this action for declaratory and injunctive relief, the appellants, Exxon Corporation and Gulf Oil Corporation (the companies), contend that the Federal Trade Commission lacks authority to issue protective orders limiting the disclosure of confidential documents subpoenaed from the companies during the course of an administrative adjudicatory proceeding. According to the companies a judicial protective order, enforceable by the court's contempt power, is

essential to safeguard the confidential information they have surrendered. The District Court concluded that these claims were without merit and granted the Commission's cross-motion for summary judgment. For the reasons set forth below we affirm.

On July 18, 1973 the Commission initiated an administrative adjudicatory proceeding against eight major oil companies—Atlantic Richfield, Exxon, Gulf, Mobil, Standard Oil of California, Standard Oil of Indiana, Shell, and Texaco (the respondents). *In re Exxon Corp.*, No. 8934. The complaint charged the respondents with maintaining and reinforcing a noncompetitive market structure and exercising monopoly power in the refining and distribution of crude oil and petroleum products in violation of section 5 of the Federal Trade Commission Act of 1914, 15 U.S.C. § 45 (1976). (J.A. 41–54)

In February of 1976 counsel supporting the complaint moved the presiding Administrative Law Judge to issue subpoenas *duces tecum* to the respondents. Prior to issuing the subpoenas, the ALJ directed the respondents to submit a proposed protective order covering those subpoenaed documents containing confidential information. Although the companies complied with this direction they asserted their belief that the Commission and the ALJ lacked authority to issue an effective protective order and that reliable protection for the confidential documents could only be provided by a district court order. (J.A. 55–57) On January 5, 1977 the ALJ issued the protective order, (J.A. 11–23) and immediately certified paragraph nine of that order to the Commission for review. (J.A. 24–25) Paragraph nine provided for ten days advance notice prior to the Commission's release of confidential documents requested by a congressional committee (or subcommittee) or by a private citizen pursuant to the Freedom of Information Act of 1966, 5 U.S.C. § 552 et seq. (1976). (J.A. 23) The Commission modified paragraph nine by requiring "ten days prior notice where possible, and in any event as much advance notice as can reasonably be given" prior to release of confi-

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

dential information in response to an official congressional request or to the compulsory process of a court. (J.A. 26)

Shortly after the Commission issued its modification of the protective order, the respondents (with the exception of Texaco) filed an action in the United States District Court for the District of Delaware in which they sought declaratory and injunctive relief from the subpoenas. (J.A. 29–40) Exxon and Gulf also moved for a preliminary injunction to prevent the disclosure to Congress or the public of any confidential documents produced by them in response to the subpoenas. *Exxon Corp. v. FTC,* 436 F.Supp. 1012 (D.Del.1977). The District Court denied the preliminary injunction, *id.* at 1018, and on August 19, 1977 dismissed the action without prejudice, on the ground that the companies could challenge the adequacy of the protective order in a subsequent subpoena enforcement action. *Exxon Corp. v. FTC,* 436 F.Supp. 1019, 1026 (D.Del.1977), *aff'd in part and rev'd in part,* 588 F.2d 895 (3d Cir. 1978).

By the time of the dismissal in Delaware, the Commission had commenced an enforcement action in the United States District Court for the District of Columbia against all the respondents except Exxon and Gulf, the latter two having complied with the subpoenas. *FTC v. Anderson,* 442 F.Supp. 1118 (D.D.C.1977), *aff'd in part and remanded in part,* 203 U.S.App.D.C. 159, 631 F.2d 741 (1979).

In an opinion dated December 13, 1977 the District Court ordered enforcement of the subpoenas "subject only to the provisions of the protective order entered by the ALJ, as modified by the Commission." 442 F.Supp. at 1126. The court further stated that it would not "enhance the provisions of the protective order," nor would it "enter a protective order that merely echoes the terms of the existing order." *Id.* This court affirmed the District Court's enforcement order, but remanded on a question that is not pertinent here. *FTC v. Anderson,* 203 U.S.App.D.C. 159, 168, 631 F.2d 741, 750 (1979).

On December 7, 1978, shortly before this court's decision · in the *Anderson* case, the United States Court of Appeals for the Third Circuit reversed the Delaware federal district court's dismissal of the original action for declaratory and injunctive relief brought by the companies. The court of appeals held that the District Court had unfairly penalized Exxon and Gulf for complying expeditiously with the subpoenas by conditioning relief from an inadequate protective order on refusal to comply with the subpoena. *Exxon Corp. v. FTC,* 588 F.2d 895, 902 (3d Cir. 1978). The court also described the test to be applied by the District Court on remand. First, the court noted that it is within the discretion of an agency to determine what protection must be given to confidential information received by it during the course of an investigation. 588 F.2d at 903. Accordingly, a court cannot impose its own set of protections unless the agency abused its discretion in determining what protection was necessary. *Id.* Thus, the task of the District Court on remand would be to determine whether the Commission abused its discretion in concluding that the terms of its protective order provided adequate protection for the documents and that the sanctions available to the Commission were adequate to enforce the protective order. By the time the Third Circuit's opinion issued the United States District Court for the District of Columbia had already ruled in *FTC v. Anderson* that the Commission had not abused its discretion. 442 F.Supp. at 1122–26. But, as the Third Circuit noted, Exxon and Gulf were not parties to that enforcement action and therefore not bound by the ruling in *FTC v. Anderson.* 588 F.2d at 903 n.9. The Third Circuit concluded its opinion by stating that it did not intend to "limit the district court's discretionary power to transfer or consolidate the remanded portion of this action with the enforcement action commenced by the FTC in the District of Columbia if such transfer or consolidation appears desirable and feasible." *Id.* at 904. (footnote and citation omitted)

On April 17, 1979 the Delaware federal district court granted the Commission's mo-

tion to transfer the remanded case from Delaware to the District of Columbia, where the appeal of the *Anderson* subpoena enforcement proceeding was then pending. (J.A. 264) On February 14, 1980 the United States District Court for the District of Columbia granted the Commission's cross-motion for summary judgment, holding that (1) the Commission had the statutory authority to issue protective orders; (2) the adequacy of the terms of the protective order was not ripe for adjudication since the order provided the companies with ten days notice prior to disclosure of any confidential documents; and (3) contrary to the companies' claims, the protective order was not inconsistent with the Trade Secrets Act and section 6(f) of the Federal Trade Commission Act, since it offered protection in addition to, rather than preclusive of, the protection afforded by those federal statutes. (J.A. 285–86) The companies now request that this court overturn the District Court's order.

In this appeal the companies raise three arguments in the alternative. First, it is alleged that Congress has not delegated the Commission authority to issue protective orders limiting the disclosure of confidential information. Second, it is argued that even if the Commission has been delegated au-

thority, there has not been a proper subdelegation to the Administrative Law Judge. Finally, the companies contend that even if the Commission and the ALJ have not acted *ultra vires*, their alleged inability to provide adequate enforcement renders the protective order legally insufficient. We address each issue in turn.

■ A fundamental control on the Federal Trade Commission is that it is a creature of statute and cannot act in excess of the powers that have been delegated to it. *See National Petroleum Refiners Ass'n v. FTC*, 157 U.S.App.D.C. 83, 85, 482 F.2d 672, 674 (1973). The scope of such delegated power is a jurisdictional issue into which this court can make an independent inquiry. *See National Ass'n of Regulatory Utility Commissioners v. FCC*, 174 U.S.App.D.C. 374, 391, 533 F.2d 601, 618 (1976).[1]

■ The Commission's power to subpoena confidential information during agency investigations and adjudications goes unquestioned by the companies.[2] It is argued, however, that the Commission lacks the authority to issue a protective order for confidential information in the absence of an explicit delegation of that power.[3] (Br. of Appellants at 13–14) While we do not quarrel with the point that no express stat-

1. The Commission argues that all the issues in this appeal are to be reviewed under an abuse of discretion standard. (Br. of Appellee at 18–19) This argument fails to separate the jurisdictional question from the question concerning the adequacy of the protective order. Clearly, the former is a question to which this court can substitute its decision for that of the agency. 5 U.S.C. § 706(2)(C) (1976).

2. The Commission has a broad subpoena power pursuant to 15 U.S.C. § 49 (1976). *See, e.g., United States v. Morton Salt Co.*, 338 U.S. 632, 652–53, 70 S.Ct. 357, 368–69, 94 L.Ed. 401 (1950); *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 199–201, 66 S.Ct. 494, 500–01, 90 L.Ed. 614 (1946); *FTC v. Retail Credit Co.*, 169 U.S.App.D.C. 271, 276, 515 F.2d 988, 993 (1975).

3. The companies also argue that, in addition to the absence of an express grant of authority, a protective order is an injunction and the legislative history of the Federal Trade Commission Act demonstrates that Congress expressly declined to delegate the Commission authority to

grant injunctive relief except in narrowly defined situations. (Br. of Appellants at 15) Finding that a protective order is not an injunction, we need not address the merits of this argument. "The mere presence of words of restraint or direction in an order that is only a step in an action" does not make the order an injunction. *Virginia Nat'l Bank v. Commonwealth of Virginia ex rel. State Corp. Comm'n*, 448 F.2d 425, 428 (4th Cir. 1971). The Commission's protective order is a procedural order augmenting investigative and adjudicatory proceedings, not an injunction. *See FTC v. Anderson*, 203 U.S.App.D.C. 159, 164, 631 F.2d 741, 746 (1979). For refusals to characterize comparable judicial orders as injunctions, *see In re Grand Jury Subpoenas*, 546 F.2d 498, 501 (2d Cir. 1976); *Rodgers v. United States Steel Corp.*, 541 F.2d 365, 372–73 (3d Cir. 1976); *International Products Corp. v. Koons*, 325 F.2d 403, 406–07 (2d Cir. 1963); *In re Grand Jury Investigation*, 318 F.2d 533, 535–36 (2d Cir.), *appeal dismissed*, 375 U.S. 802, 84 S.Ct. 25, 11 L.Ed.2d 37 (1963).

utory delegation of authority exists, we must reject the unduly restrictive implications of the companies' argument.

It is evident from the Federal Trade Commission Act that Congress intended that the Commission limit its disclosures of confidential information. Federal Trade Commission Act of 1914, ch. 311, § 6(f), 38 Stat. 721 (current version at 15 U.S.C.A. § 46(f) (Supp.1980)). With the Federal Trade Commission Improvements Act of 1980 Congress further defined the particular limitations upon disclosures by the Commission. The relevant provision provides that the Commission shall have the power

> ... [t]o make public from time to time such portions of the information obtained by it hereunder as are in the public interest; ... *Provided*, That the Commission shall not have any authority to make public any trade secret or any commercial or financial information which is obtained from any person and which is privileged or confidential, except that the Commission may disclose such information to officers and employees of appropriate Federal law enforcement agencies or to any officer or employee of any State law enforcement agency upon the prior certification of an officer of any such Federal or State law enforcement agency that such information will be maintained in confidence and will be used only for law enforcement purposes.

Pub.L.No. 96–252, § 3(a), 94 Stat. 374 (amending 15 U.S.C. § 46(f)).

The legislative history of the Federal Trade Commission Improvements Act clearly shows that Congress intended that the Commission have the power to issue protective orders in furtherance of section 6(f).[4]

Before final adoption by the House of the Conference Report on the Act, Representative Preyer, a member of the Conference Committee, explained:

> [R]elevant and material information may be disclosed in Commission administrative proceedings or in judicial proceedings, but *it may be made subject to appropriate protective orders* by the court (in a judicial proceeding), *by the administrative law judge* (in the case of adjudicative proceedings), or by the Presiding Officer (in the case of trade regulation rulemaking proceedings) . . . .

126 Cong.Rec. H3879 (daily ed. May 20, 1980) (emphasis added); *see also,* 126 Cong. Rec. S5678 (daily ed. May 21, 1980) (remarks of Sen. Ford). It was made evident by Senator Ford, the sponsor of the Senate substitute bill, later enacted as the Federal Trade Commission Improvements Act, that the procedures the Commission had used in the past, which included the issuance of protective orders, were to be continued for limiting disclosure of confidential information. 126 Cong.Rec. S5678 (daily ed. May 21, 1980); *see also* S.Rep.No. 96–500, 96th Cong., 1st Sess. 27 (1979), U.S.Code Cong. & Admin.News 1980, p. 1073. The overriding conclusion is that although the Commission has not been granted explicit statutory authority to issue protective orders, the authority to exercise such power falls within the general grant of rulemaking authority given the Commission by section 6(g) of the Federal Trade Commission Act.[5]

■ Having determined that the Commission has authority to issue protective orders we can quickly dispose of the companies' second argument, that such authority cannot be exercised by the Administrative

---

**4.** The actual grant of power for implementing section 6(f) is contained in section 6(g). "The Commission shall also have power ... to make rules and regulations for the purpose of carrying out the provisions of [section 6]." Federal Trade Commission Act of 1914, ch. 311, § 6(g), 38 Stat. 721, 15 U.S.C. § 46(g) (1976).

**5.** It is worthy of note that this court has long acted on the assumption that Congress intended to give the Commission authority to issue adequate protective orders for confidential in-

formation. *See, e.g., FTC v. Owens-Corning Fiberglas Corp.,* 200 U.S.App.D.C. 102, 109–11, 626 F.2d 966, 973–75 (1980); *FTC v. Anderson,* 203 U.S.App.D.C. 159, 164–66, 631 F.2d 741, 746–48 (1979); *FTC v. Ernstthal,* 197 U.S.App. D.C. 174, 178, 607 F.2d 488, 492 (1979); *FTC v. Texaco, Inc.,* 180 U.S.App.D.C. 390, 411–12, 555 F.2d 862, 883–84, *cert. denied,* 431 U.S. 974, 97 S.Ct. 2939, 53 L.Ed.2d 1072 (1977); *FTC v. Lonning,* 176 U.S.App.D.C. 200, 208–09, 539 F.2d 202, 210–11 (1976).

Law Judge. *See* Br. of Appellants at 18–19. The Commission is given broad powers to make subdelegations of its authority to agency personnel. 15 U.S.C. § 42 (1976) (originally enacted as Federal Trade Commission Act of 1914, ch. 311, § 2, 38 Stat. 718). In accordance with this grant of authority, the Commission has delegated to the ALJ the power to control and take *all* necessary action in the disposition of agency proceedings. 16 C.F.R. § 3.42(c) (1981).[6] This subdelegation of authority would necessarily include the power to issue protective orders. Provided the Commission's procedures for the issuance of protective orders is consistent with the governing statutes and the Constitution, as is patent in this case, it is not subject to further judicial review. *Vermont Yankee Nuclear Power Corp. v. NRDC*, 435 U.S. 519, 542–43, 98 S.Ct. 1197, 1210–11, 55 L.Ed.2d 460 (1978); *FCC v. Schreiber*, 381 U.S. 279, 290–91, 85 S.Ct. 1459, 1467–68, 14 L.Ed.2d 383 (1965); *FTC v. Anderson*, 203 U.S.App.D.C. 159, 164, 631 F.2d 741, 746 (1979).

■ The final contention of the companies is that the protective order issued by the Commission through its Administrative Law Judge is insufficient because the Commission cannot insure compliance with the provisions of the order. Therefore, according to the companies, a judicial protective order, enforceable by the court's contempt power, is essential to safeguard confidential information. (Br. of Appellants at 20–22, 31–35)

The protective order guarantees that, with one exception, the companies will be given ten days notice prior to the release of confidential documents. (J.A. 20–23, 26) The exception allows disclosure in response to an official request from Congress or court process, in which case the Commission need only provide as much advance notice of disclosure as is possible under the circumstances. (J.A. 26)

When faced with a challenge to the adequacy of this same protective order in *FTC v. Anderson,* an enforcement proceeding in which appellants were not parties, we refused to impose further limitations on disclosures to Congress or disclosures required by court process. 203 U.S.App.D.C. at 165, 631 F.2d at 747. In the *Anderson* case we held that other challenges concerning the adequacy of protection for confidential documents were not ripe for judicial review because a "supplying party can challenge the disclosure of a confidential document after he has received notice, pursuant to the protective order, that release is imminent." *Id.* at 165, 631 F.2d at 747. We adopt our discussion of the protective order in that case and find it dispositive of the companies' final argument of this appeal.[7] For

---

**6.** 16 C.F.R. § 3.42 provides:

(c) *Powers and duties.* Administrative law judges shall have the duty to conduct fair and impartial hearings, to take all necessary action to avoid delay in the disposition of proceedings, and to maintain order. They shall have all powers necessary to that end, including the following:

(1) To administer oaths and affirmations;

(2) To issue subpoenas and orders requiring answers to questions;

(3) To take depositions or to cause depositions to be taken;

(4) To compel admissions, upon request of a party or on their own initiative;

(5) To rule upon offers of proof and receive evidence;

(6) To regulate the course of the hearings and the conduct of the parties and their counsel therein;

(7) To hold conferences for settlement, simplification of the issues, or any other proper purpose;

(8) To consider and rule upon, as justice may require, all procedural and other motions appropriate in an adjudicative proceeding, including motions to open defaults;

(9) To make and file initial decisions;

(10) To certify questions to the Commission for its determination; and

(11) To take any action authorized by the rules in this part or in conformance with the provisions of the Administrative Procedure Act as restated and incorporated in title 5, U.S.C.

**7.** To the extent the companies further allege that they have no protection from *unauthorized* disclosure of confidential information by the Commission or its personnel, we also hold that the issues are not ripe for judicial review. The companies have made no allegations of actual or threatened disclosure of protected information. Additionally, we note in passing that this court has no reason to doubt the good faith of the Commission or its personnel in this case.

the foregoing reasons we affirm the order granting the Commission's cross-motion for summary judgment.

*So ordered.*

*See FTC v. Anderson,* 442 F.Supp. 1118, 1122–24 (D.D.C.1977), *aff'd in part and remanded in part,* 203 U.S.App.D.C. 159, 631 F.2d 741 (1979).